IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SOTERRO MEDINA III, ID # 543501, ) <br>     Petitioner, ) <br> vs. ) <br> ) <br> NATHANIEL QUARTERMAN, Director, ) <br> Texas Department of Criminal ) <br> Justice, Correctional Institutions Division, ) <br>     Respondent. ) | No. 3:08-CV-1830-G (BH) <br> ECF <br> Referred to U.S. Magistrate Judge |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge parole decisions related to his 1989 conviction for murder in Dallas County and a Potter County conviction in 2000 for possession of a prohibited substance in correctional facility.[1] Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

---

[1] The petition itself mentions only the 1989 murder conviction and characterizes the challenge as against an unspecified parole revocation proceeding. However, from the nature of the claims, it is clear that petitioner challenges actions by the parole board unrelated to any revocation of probation. Furthermore, although petitioner purports to bring the instant action pursuant to 28 U.S.C. § 2241 in his supporting memorandum, the instant action appears to fall under 28 U.S.C. § 2254. As briefly discussed later, the result of this action is not dependent upon whether it arises under § 2241 or § 2254.

**B. State Procedural History**

In November 1989, petitioner was convicted of murder in Dallas County, and received a fifty-year sentence. In March 2000, he was sentenced to an additional two years imprisonment for possession of a prohibited substance in a correctional facility. He claims that (1) the Parole Board charged him with a non-existent crime when it charged him with murder under a penal section that deals with prohibited substance; (2) the Parole Board violated the Constitution when it improperly sentenced him to a fifty-two year prison term based upon an enhancement not proven beyond a reasonable doubt by a jury; and (3) the Parole Board violated the Constitution when it sent him a time slip showing a fifty-two year sentence "rather than the trial court's 50 year prison sentence in which no sentencing guidelines had been established". Neither the petition nor the supporting memorandum indicates that petitioner has presented any of these claims to the Texas Court of Criminal Appeals.

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254 when challenging a conviction, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his or her claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. "The exhaustion requirement applies to prisoners challenging parole decisions to the extent that a determination by the Court

could affect the length of time in custody." *Thornton v. Cockrell*, No. 3:03-CV-1656-G, 2003 WL 21741536, at *1 (N.D. Tex. July 25, 2003) (recommendation of Mag. J.), accepted by unpub. order (N.D. Tex. Aug. 14, 2003). In *Ex Parte Geiken*, 28 S.W.3d 553 (Tex. Crim. App. 2000), the Texas Court of Criminal Appeals held that an "[a]pplicant's habeas corpus claims alleging illegal confinement arising after his felony conviction, but not contesting the validity of the judgment, may be raised under Code of Criminal Procedure Art. 11.07." 28 S.W.2d at 556.

In this case, petitioner has presented no claim to the Texas Court of Criminal Appeals related to the parole decisions challenged in this action. A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Because petitioner has presented no claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies.[2]

---

[2] Had the Court construed the instant action as arising under 28 U.S.C. § 2241, the result would be the same. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (recognizing that exhaustion is required for § 2241 action); *Coler v. Dallas County Jail*, No. 3:06-CV-2403-B, 2007 WL 273758, at *1 (N.D. Tex. Jan. 6, 2007) (same) (recommendation

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice[3] for failure to exhaust state court remedies.

**SIGNED this 28th day of October, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

of Mag. J.), *accepted by* 2007 WL 328684 (N.D. Tex. Jan. 30, 2007).

[3] "Without prejudice" means that the dismissal of itself will not preclude petitioner from filing a later action based upon the same claims. Of course, other procedural barriers may preclude a later court from reaching the merits of such claims.